## U.S. BANKRUPTCY COURT
### District of South Carolina

Case Number: **15-06738-jw**

## ORDER GRANTING DISCHARGE UNDER 11 U.S.C. § 1328(a)

The relief set forth on the following pages, for a total of 4 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**02/09/2021**



Entered: 02/09/2021

*/s/ John E. Waites*

US Bankruptcy Judge
District of South Carolina

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 15-06738-JW |
| | Chapter 13 |
| Henretta Campbell, | **ORDER GRANTING DISCHARGE** |
| Debtor(s). | **UNDER 11 U.S.C. § 1328(a)** |

This matter comes before the Court upon the Certification of Plan Completion and Request for Discharge ("Request for Discharge") filed by Henretta Campbell ("Debtor") on December 9, 2020. Nationstar Mortgage LLC D/B/A Champion Mortgage Company ("Nationstar") holds a secured claim on Debtor's principal residence based upon a reverse mortgage. Under Debtor's confirmed plan, she provides treatment of Nationstar's claim pursuant to 11 U.S.C. § 1322(b)(5) by curing pre-petition arrearage (which consists of unpaid pre-petition insurance premiums) and maintaining any future contractual payments.[1]

On October 12, 2020, Nationstar filed a Motion for Relief from Stay ("Motion"), alleging that Debtor had failed to pay post-petition premiums for force placed insurance that Nationstar incurred pursuant to the terms of the mortgage to protect its interest.[2] On October 27, 2020, Debtor filed a response to the Motion, requesting an agreement allowing time to cure the post-petition obligations. While the Motion was pending, the Chapter 13 Trustee filed his Notice to Debtor of Plan Completion on December 1, 2020 and filed the Notice of Final Cure Mortgage Payment pursuant to Fed. R. Bankr. P. 3002.1(f) on December 3, 2020.

On December 7, 2020, Nationstar and Debtor filed a proposed settlement order to resolve the Motion, in which Debtor agreed to pay $4,229.75 through 12 monthly cure payments. The proposed

---

[1] Further references to the Bankruptcy Code (11 U.S.C. § 101, *et al.*) shall be by section number only.

[2] Nationstar self-scheduled the hearing on the Motion for December 17, 2020, more than two months after its filing.

settlement order was entered by the Court on December 16, 2020. On December 18, 2020, Nationstar filed a Response to Notice of Final Cure Payment pursuant to Fed. R Bankr. P. 3002.1(g), indicating that Debtor had outstanding post-petition fees, charges, expenses, escrow and costs of $2,531.08, which consisted of post-petition premiums for force placed insurance incurred by Nationstar, the same force placed insurance premiums addressed in the settlement order of the Motion.

      This Court has previously indicated that the payment of insurance and taxes that are required under the terms of a note and mortgage may be "payments under the plan" for purposes of § 1328(a) depending on the language of the loan documents and the chapter 13 plan. *See In re Wyatt*, C/A No. 13-06272, slip op. at 5–6 (Bankr. D.S.C. Nov. 6, 2018) However, the Court has also indicated it will grant a discharge under § 1328(a) "where the debtor is current on the terms of a § 362 settlement order that was entered prior to the filing of the Notice of Final Cure Payment and where the settlement order provides for a cure of a post-petition arrearage beyond the date of the filing of the Response to the Notice of Final Cure Payment." *See Cure and Maintain Payments Under § 1322(b)(5) and Discharge: For Cases Assigned to Judge Waites Only*, p. 4 (available at https://www.scb.uscourts.gov/pdf/chambers_guidelines/jw/discharge_memo_for_cases_assigned_to_judge_waites.pdf). Under such circumstances, the Court accepts the § 362 settlement as an indication of the creditor's prior agreement to postpone the amounts being cured in the agreement. *Id.*

      In the present matter, the settlement order provides for a cure beyond the term of the chapter 13 plan. Further, while the settlement order was proposed four days after the filing of the Notice of Final Cure Payment, the Court notes that Nationstar's Motion had been pending for several months prior to the completion of plan payments. It appears to the Court that the parties' settlement order was intended to address the Motion and was not a circumstance where the parties attempted to use an engineered § 362 settlement order after the completion of the plan that was designed specifically for

2

the purpose of avoiding any potential discharge issues. Therefore, the Court finds in the present matter that the timing of the proposed settlement order should not preclude Debtor from receiving a discharge under § 1328(a).[3]

In addition, the Court notes that Congress has recently enacted § 1328(i)(2) on December 27, 2020, which will be effective until December 27, 2021. Section 1328(i)(2) provides that a debtor may receive a standard discharge under § 1328(a) if the debtor's plan provided for the curing of a default and maintenance of payments on a residential mortgage and the debtor has entered into a forbearance agreement on missed payments with the holder or servicer of the mortgage. The Court finds the § 362 settlement order in this case is similar in nature to a forbearance agreement.[4] As Debtor provided for treatment of Nationstar's secured claim under § 1322(b)(5) in her confirmed plan, a discharge pursuant to § 1328(i)(2) is also appropriate in this matter.

For these reasons, the Court hereby grants Debtor's request for a discharge pursuant to § 1328(a) and directs the Clerk of Court to enter an Order Granting Discharge upon Debtor's completion of all other requirements, including the filing of a Certificate of Financial Management Course or a motion to waive such requirement.

**AND IT IS SO ORDERED.**

Columbia, South Carolina
February 9, 2021

---

[3] The Court also notes that several of the force placed insurance premiums that Nationstar includes in its Response to Notice of Final Cure Payment do not appear to have been properly noticed in a Notice of Post-Petition Fees, Expenses and Charges under Fed. R. Bankr. P. 3002.1(c). This Court has previously deemed certain unnoticed post-petition fees, expenses and charges as waived by the creditor or satisfied by the debtor when challenged in a Rule 3002.1(e) or (h) motion. *See In re Ferrell*, C/A No. 12-04659-jw, slip op. (Bankr. D.S.C. Oct. 13, 2017). In the present circumstances, Debtor has not filed a motion to determine the fees, expenses or charges or a motion to determine final cure and payment. Therefore, while it appears the circumstances may be appropriate to deem the unnoticed force placed insurance premiums as being waived or otherwise satisfied, the issue has not been previously raised to the Court to address.

[4] Black's Law Dictionary defines "forbearance" as "[t]he act of refraining from enforcing a right, obligation or debt." *Forbearance*, BLACK'S LAW DICTIONARY (7th ed. 1999).